# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **LESLIE WEHMEYER,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**ASSURED HEALTH GROUP LLC**, a Florida company,<br><br>*Defendant,* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Leslie Wehmeyer ("Plaintiff Wehmeyer" or "Wehmeyer") brings this Class Action Complaint and Demand for Jury Trial against Defendant Assured Health Group LLC d/b/a Assured Health Group ("Defendant" or "Assured Health Group") to stop the Defendant from violating the Telephone Consumer Protection Act by placing unsolicited pre-recorded calls without consent. Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Wehmeyer, for this Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## PARTIES

1. Plaintiff Leslie Wehmeyer is a resident of Warrensburg, Missouri.

2. Defendant Assured Health Group is a Florida company headquartered in Lake Worth, Florida. Defendant Assured Health Group conducts business throughout this District, Florida, and the U.S.

**JURISDICTION AND VENUE**

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction over the Defendant because the Defendant resides and does business from this District.

5. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant resides in this District and the wrongful conduct giving rise to this case was directed by Defendant from this District.

**INTRODUCTION**

6. As the Supreme Court explained at the end of its term this year, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

7. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

8. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

9. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

10. According to online robocall tracking service "YouMail," 4.3 billion robocalls were placed in December 2022 alone, at a rate of 137.6 million per day. www.robocallindex.com (last visited January 29, 2023).

11. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

12. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

13. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

14. Defendant Assured Health Group offers health insurance packages to consumers throughout the U.S.[3]

15. Defendant Assured Health Group operates a call center in Florida to generate new business through its telemarketing.[4]

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://assuredhealthins.com/
[4] https://www.facebook.com/HealthSales/

16. Defendant Assured Health Group places telemarketing calls to consumers to solicit its health insurance packages.

17. Defendant Assured Health Group places unsolicited pre-recorded telemarketing calls, often times using phone numbers that cannot be called back, as per Plaintiff's experience.

18. Defendant Assured Health Group places calls to consumers without identifying its company name, most likely in an attempt to attempt to shield itself from liability for the unlawful telemarketing calls it places, as per Plaintiff's experience.

19. Numerous consumers have posted complaints online regarding unsolicited pre-recorded calls they received from Defendant Assured Health Group, including:

- "Call back number left in message from 904-447-1535, which was from Jen from the **health center robocall** claiming I requested health insurance info (not true)."[5] (emphasis added)

- "These people have called me at least 20 times a day for the last week, keep calling even after I tell them I already have health insurance. They use a different number every time, but ***they're fake numbers with my phone's area code*** (don't even live in that area code anymore)"[6] (emphasis added)

- "These people call nonstop every 4 minutes ***using fake number***. This is call back number. It is Health Enrollment Center. Bunch of scammers. I ask that they stop calling then 4 minutes later another call. This is harassment. I just had surgery and don't need this. Not bill collector. They try to sell fake insurance."[7] (emphasis added)

- "They have been calling from 25 different numbers that start with 417-272-55xx or 56xx. They left this 855 number on voicemail"[8]

- "This number has been calling repeatedly for 2 months. Numbers have been blocked but they then use different numbers"[9]

---

[5] https://800notes.com/Phone.aspx/1-855-352-3282
[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] *Id.*

4

- "Called many times many numbers. Newest is 855-352-3282// +1 (734) 290-6377 o told her I have coverage through work. And still cal"[10]

- "I got so many calls from a Jen saying she can help me get insurance , and from this other guys pls don't fall for it , they will literally call your phone so much times and have different people calling you !"[11]

- "MESSAGES FOR HEALTH PLANS AND WANT TO GET OFF THEIR PHONE LIST. AT [LEAST] 12 IN HALF A DAY"[12]

- "I get dozens of a calls every week from numbers that leave voicemails saying to call them back at this number. They say they are from 'the health center.'"[13]

20. In response to these calls, Plaintiff Wehmeyer brings this case seeking injunctive relief requiring the Defendant to cease from violating the TCPA, and an award of statutory damages to the members of the Class and costs.

**PLAINTIFF WEHMEYER'S ALLEGATIONS**

21. Plaintiff Wehmeyer registered her cell phone number on the Do Not Call registry on March 29, 2007.

22. Plaintiff Wehmeyer also registered her cell phone number on the Missouri Do Not Call registry effective as of October 1, 2012.

23. In March of 2022, Plaintiff Wehmeyer started receiving calls regarding health insurance directed to "Kelsey".

24. Plaintiff does not know who "Kelsey" is and has never identified herself using this name.

---

[10] *Id.*
[11] *Id.*
[12] https://www.tellows.com/num/8553523282
[13] https://www.shouldianswer.com/phone-number/8553523282

5

25. Defendant placed a series of unsolicited calls to Plaintiff Wehmeyer's cell phone number using phone numbers starting with 660-285-****. Plaintiff tried calling some of these numbers back but the numbers were not in service, indicating that the phone numbers were being spoofed.

26. Many of the calls from Defendant Assured Health Group to the Plaintiff's cell phone were not answered, but identical voicemails were left on her voicemail claiming to be Jen asking Plaintiff to call 855-352-3282 for a health insurance plan.

27. For example, on May 25, 2022, Plaintiff Wehmeyer received an unsolicited call from Defendant Assured Health Group. Plaintiff did not answer this call, but a pre-recorded voicemail was left asking Plaintiff to call 855-352-3282 for a health insurance plan quote.

28. Plaintiff believes that the voicemails were pre-recorded as the content of the messages was identical, the voicemails are generic and other consumers have posted the exact same voicemail recording on websites like Youmail.com, including:

**Typical Messages**

Hi this is Jen and I'm here to help you find an affordable health plans. I see your recent request and I have some great options to go over with you. Please give me a call back at 855-352-3282 and let's find you the best plan at the best price. Again my number is 855-352-3282.

[14]

29. Plaintiff Wehmeyer also received pre-recorded calls from Defendant Assured Health Group using other employee names like Sarah and Kim, also asking her to call 855-352-3282. In none of these calls did the caller identify the true company name.

30. Upon an investigation in January 2023 by calling 855-352-3282, a live employee answers the call and identified the company as "Insurance Marketplace," claiming that she was

---

[14] https://directory.youmail.com/phone/660-282-2167

6

selling government health insurance plans. The employee then sent emails and a text message, identifying the company as Defendant Assured Health Group along with their website assuredhg.com.

33. The unauthorized solicitation telephone calls that Plaintiff received from or on behalf of Defendant have harmed Plaintiff Wehmeyer in the form of annoyance, nuisance, and invasion of privacy, occupied her phone line, and disturbed the use and enjoyment of her phone. In addition, the calls caused mental duress due to the sheer volume of unsolicited calls that Plaintiff Wehmeyer received.

32. Seeking redress for these injuries, Plaintiff Wehmeyer, on behalf of herself and Class of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

33. Plaintiff Wehmeyer brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Class:

> **Pre-recorded No Consent Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) the Defendant called on their cellular telephone number (2) using an artificial or pre-recorded voice.

34. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released.

7

Plaintiff Wehmeyer anticipates the need to amend the Class definition following appropriate discovery.

35. **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable, and Plaintiff is a member of the Class.

36. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) whether Defendant placed pre-recorded voice message calls to Plaintiff and members of the Pre-recorded No Consent Class without first obtaining consent to make the calls;

(b) whether the calls constitute a violation of the TCPA;

(c) whether members of the Class are entitled to treble damages based on the wilfulness of Defendant's conduct.

37. **Adequate Representation**: Plaintiff Wehmeyer will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff Wehmeyer has no interests antagonistic to those of the Class, and the Defendant has no defenses unique to Plaintiff. Plaintiff Wehmeyer and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff Wehmeyer nor her counsel have any interest adverse to the Class.

38.     **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as wholes, not on facts or law applicable only to Plaintiff Wehmeyer. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Wehmeyer and the Pre-recorded No Consent Class)**

39.     Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

40.     Defendant transmitted unwanted telephone calls to Plaintiff Wehmeyer and the other members of the Pre-recorded No Consent Class using a pre-recorded voice message.

41.     These pre-recorded voice calls were made *en masse* without the prior express written consent of the Plaintiff and the other members of the Pre-recorded No Consent Class.

42.     The Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff and the other members of the Pre-recorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff as the representative of the Class; and appointing her attorneys as Class Counsel;

b) An award of actual and/or statutory damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Wehmeyer requests a jury trial.

**LESLIE WEHMEYER**, individually and on behalf of all others similarly situated,

DATED this 3rd day of May, 2023.

By: /s/ Stefan Coleman

Stefan Coleman
**Coleman PLLC**
66 West Flagler Street
Suite 900
Miami, Florida 33130
law@stefancoleman.com
Telephone: (877) 333-9427

Avi R. Kaufman
kaufman@kaufmanpa.com
**KAUFMAN P.A.**
237 South Dixie Highway, Floor 4
Coral Gables, FL 33133

10

Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Class*